UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOHN RYAN, <br><br> Plaintiff, <br><br> v. <br><br> ZIX CORPORATION, MARK J. BONNEY, MARCY CAMPBELL, TAHER A. ELGAMAL, JAMES H. GREENE, JR., ROBERT C. HAUSMANN, MARIBESS L. MILLER, BRANDON VAN BUREN, and DAVID J. WAGNER, <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> JURY TRIAL DEMANDED |

Plaintiff John Ryan ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Zix Corporation. ("Zix" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"). By the action, Plaintiff seeks to enjoin the expiration of a tender offer (the "Tender Offer") pursuant to which the Company will

be acquired by Open Text Corporation ("OpenText"), through OpenText's subsidiary Zeta Merger Sub Inc. ("Merger Sub").[1]

2. On November 8, 2021, Zix and OpenText jointly announced their entry into an Agreement and Plan Merger (the "Merger Agreement") dated the preceding day. The Merger Agreement provides that, for each share they own, Company stockholder will receive $8.50 per share in cash (the "Offer Price"). The Tender Offer commenced on November 22, 2021, and is set to expire at one minute after 11:59 p.m., Eastern Time, on December 20, 2021.[2]

3. On November 22, 2021, Zix filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC. The Recommendation Statement, which recommends that Zix stockholders tender their stock into the Tender Offer, omits or misrepresents material information necessary and essential to that decision. The failure to adequately disclose such material information violates the Exchange Act as Zix stockholders need such information to make a fully informed decision whether to do so

4. It is imperative that the material information omitted from the Recommendation Statement is disclosed to the Company's stockholders prior to the

---

[1] Non-party OpenText is a Canadian corporation with its principal executive offices located in Ontario, Canada. OpenText's common shares trade on the Nasdaq Global Select Market under the ticker symbol "OTEX." Non-party Merger Sub is a Texas corporation and a wholly owned subsidiary of OpenText.

[2] The approximate value of the Proposed Transaction is $860 million.

forthcoming stockholder vote so that they can properly exercise their rights with respect to the Tender Offer and or any decision to seek appraisal for their shares.

5. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Tender Offer or Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d)(4), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists. Zix operates and maintains offices in this District. Moreover, each

of the Individual Defendants, as Company officers or directors, has extensive contacts within this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Zix.

10. Defendant Zix is a Texas corporation, with its principal executive offices located at 2711 N. Haskell Avenue, Suite 2300, LB 36, Dallas, Texas 75204. Zix also maintains offices at 8178 Jackson Road, Suite A, Ann Arbor, Michigan 48103. Zix is a leader in email security, productivity, and compliance. Zix's common stock is traded on the Nasdaq Global Select Market under the ticker symbol "ZIXI."

11. Defendant Mark J. Bonney ("Bonney") is and has been a director of the Company since January 2013.

12. Defendant Marcy Campbell ("Campbell") is and has been a director of the Company since March 2020.

13. Defendant Taher A. Elgamal ("Elgamal") is and has been a director of the Company since July 2011.

14. Defendant James H. Greene, Jr. ("Greene") is and has been a director of the Company since February 2019.

15. Defendant Robert C. Hausmann ("Hausmann") has been non-executive Chair of the Board since December 2014, and a director of the Company since

November 2005. Defendant Hausmann previously served as Lead Independent Director from December 2012 until December 2014.

16. Defendant Maribess L. Miller ("Miller") is and has been a director of the Company since April 2010.

17. Defendant Brandon Van Buren ("Van Buren") is and has been a director of the Company since February 2019.

18. Defendant David J. Wagner ("Wagner") is and has been President, Chief Executive Officer ("CEO"), and a director of the Company since January 2016.

19. Defendant Joseph Defendants identified in paragraphs 11-18 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

20. On November 8, 2021, Zix announced in relevant part:

DALLAS--Nov. 8, 2021-- Zix Corporation (NASDAQ: ZIXI) ("Zix"), a leading provider of cloud email security, threat protection and compliance cloud solutions for Small and Medium-sized Businesses (SMBs), today announced that it has entered into a definitive agreement to be acquired by OpenText™, a market-leading provider of Information Management solutions, for $8.50 per share in cash, representing an enterprise value of $860 million.

"We are pleased to announce this transaction with OpenText," said Robert Hausmann, Chairman of Zix. "Following a strategic review conducted by our Board of the Directors (the "Board"), triggered in part by unsolicited approaches from multiple parties, Zix and its financial advisor conducted a broad outreach to more than 70 strategic and financial parties over a number of months. Today's announcement is the culmination of that process. This transaction, which has been unanimously approved by the

5

Zix Board, delivers to Zix's stockholders liquidity, value certainty and a high likelihood and speed to closing with a proven acquiror."

Dave Wagner, Zix's Chief Executive Officer, added, "Over the past several years, Zix has expanded its product portfolio and customer base through acquisitions and organic initiatives. We are thrilled to join forces with OpenText and add Zix's Secure Cloud Platform to the Carbonite and Webroot products in OpenText's SMB Platform. OpenText provides the ideal opportunity to help Zix achieve its next phase of growth. This transaction will bring greater resources and product capabilities, and provide significant benefits to our customers, partners and employees."

Under the terms of the agreement, an OpenText subsidiary will commence a tender offer for all outstanding shares of Zix common stock at a price of $8.50 per share in cash, representing a premium of 16% to the volume-weighted average closing price of Zix common stock for the 20 trading days prior to October 18, 2021, when news reports appeared regarding a potential transaction.

Closing is subject to the tender of two-thirds of Zix's common shares outstanding as well as customary regulatory approvals and other customary conditions, and the transaction is expected to close within 90 days of this announcement. Zix's largest shareholder, an affiliate of True Wind Capital, L.P., has agreed, subject to satisfaction of certain conditions, to convert its Series A Preferred Shares into common shares and to tender those shares in the tender offer. Zix's executive officers and certain directors have likewise agreed to tender their common shares in the tender offer.

**Advisors**

Citi is acting as exclusive financial advisor to Zix, and Baker Botts is acting as legal counsel.

## The Recommendation Statement Contains Material Misstatements and Omissions

21. The defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to Zix's stockholders.

6

The Recommendation Statement misrepresents or omits material information necessary for the Company's stockholders to make an informed decision whether to tender their shares in the Proposed Transaction or otherwise act.

22. The Recommendation Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) the Company's financial projections; and (b) the valuation analyses underlying the fairness opinions provided by the Company's financial advisor Citigroup Global Markets Inc. ("Citi").

***Material Omissions Concerning Company Management's Financial Forecasts Citi's Financial Analyses***

23. The Recommendation Statement fails to disclose material information concerning the Company's financial projections, including the projections Company management prepared in June 2021. *See* Recommendation Statement at 21.

24. The Recommendation Statement also fails to disclose all line items underlying the Company's: (a) Adjusted Gross Profit; (b) Adjusted EBITDA; and (c) Unlevered Free Cash Flow.

25. The Recommendation Statement further omits material information regarding the data and inputs underlying the valuation analyses performed by Citi

26. The Proxy Statement describes Citi's fairness opinions and the various underlying valuation analyses. That description, however, omits key inputs and assumptions forming the bases of these analyses. The absence of this material

information precludes the Company's public stockholders from fully understanding Citi's work. As a result, Company stockholders cannot assess what significance to place on Citi's fairness opinion in determining whether to participate in the Tender Offer or otherwise act.

27. With respect to Citi's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (a) the range of terminal values of Zix; (b) the inputs and assumptions underlying the range of discount rates Citi utilized in connection with the analysis; (c) the value of Zix's net operating losses; (d) Zix's net debt as of September 30, 2021; and (e) the number of outstanding shares of Zix used in the analysis.

28. With respect to Citi's *Selected Public Companies Analysis* and *Selected Precedent Transaction Analysis*, the Recommendation Statement fails to disclose the individual multiples and financial metrics for each of the companies and transactions analyzed, respectively.

29. With respect to Citi's *Sum-of-the-Parts Valuation* analysis, the Recommendation Statement fails to disclose: (a) Zix's forecasted 2022 revenue for the IP Business; and (b) Zix's forecasted 2022 gross profit for the MSFT Business.

30. With respect to Citi's *Discounted Analyst Price Targets* analysis, the Recommendation Statement fails to disclose: (a) the individual price targets observed; (b) the sources thereof; and (c) the inputs and assumptions underlying the discount rate Citi utilized in connection with the analysis.

31. The omission of this information renders the statements in the "Certain Financial Projections" and "Opinion of Zix's Financial Advisor" sections of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.[3]

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations**

**of Section 14(d) of the Exchange Act and SEC Rule 14d-9**

32. Plaintiff repeats all previous allegations as if set forth in full.

33. Defendants have caused the Recommendation Statement to be issued with the intention of soliciting Zix stockholders to tender their shares in the Tender Offer.

34. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

35. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-

---

[3] Notably, the Recommendation Statement also fails to disclose the compensation paid to Citi for providing services to OpenText in the two years prior to its fairness opinion. This is a material omission as full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives. As such, the statements in the "Opinion of Zix's Financial Advisor" section of the Recommendation Statement also are rendered false and/or materially misleading in contravention of the Exchange Act.

9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

36. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

37. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of Zix, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of
Section 14(e) of the Exchange Act**

38. Plaintiff repeats all previous allegations as if set forth in full.

39. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Tender Offer.

40. Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

41. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender her shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for
### Violation of Section 20(a) of the Exchange Act

42. Plaintiff repeats all previous allegations as if set forth in full.

43. The Individual Defendants acted as controlling persons of Zix within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers or directors of Zix and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The

Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of this document.

46. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

47. By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

48. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Zix, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction,

rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

      C.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

      D.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: December 3, 2021

**WEISSLAW LLP**

By /s/ Richard A. Acocelli
Richard A. Acocelli
305 Broadway, 7th Floor
New York, New York 10007
Tel: (212) 682-3025
Fax: (212) 682-3010
Email: racocelli@weisslawllp.com

*Attorneys for Plaintiff*

OF COUNSEL:

LONG LAW, LLC
Brian D. Long
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com